## MERRILL BARTLETT v. M. P. RYAN.[1]

November 15, 1918.

No. 20,960.

**Corporations — liability of stockholder — verdict sustained by evidence.**
1. The evidence examined and *held* sufficient to support the verdict.

**Evidence — proof of collateral matters — discretion of court.**
2. As to the admissibility of collateral circumstances corroborative of a litigant's witness the trial court is vested with a sound discretion, which was not abused in the ruling here challenged.

Action by the receiver of the Herbert Pearce Company to recover $15,000 on defendant's double liability as a stockholder. The case was tried in Ramsey county before Michael, J., who when defendant rested denied motions for directed verdicts, and a jury which returned a verdict in favor of defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Allen & Fletcher*, for appellant.

*Selover, Schultz & Selover* and *Moore, Oppenheimer & Peterson*, for respondent.

HOLT, J.

Action to enforce a stockholder's double liability by a receiver of a bankrupt corporation, and verdict for defendant. Plaintiff appeals from the order denying his motion in the alternative for judgment or a new trial.

The appeal presents for review the sufficiency of the evidence to support the verdict, and one ruling on an offer of testimony.

Defendant never subscribed for stock in the corporation nor was there any direct testimony that any certificates of stock had ever been delivered to him. However, a prima facie case was made out by the introduction of the corporate stock book showing stubs indicating that $15,000 par value of stock had issued in defendant's name. Defendant positively denied that any stock had ever been bought by him, or that any certificates had ever been delivered to or accepted by him. He also contended that the only manner he was interested in the corporation or its affairs was as

[1]Reported in 169 N. W. 421.

a creditor, having furnished it $15,000 as a loan and having assisted the officers of the corporation, associates of his in other business ventures, by indorsing with them notes to raise funds for corporate needs.

Plaintiff urges these circumstances to be conclusive of defendant's liability: When the $15,000 was turned over by him, no note or other evidence of indebtedness was taken; defendant thereafter indorsed notes in large sums for the purpose of raising funds for the corporation; in response to Exhibit E, a letter from Stronge & Warner, customers of the corporation, inquiring whether the representation of an officer of the corporation that defendant held stock therein to the extent of $15,000 was true, he wrote that he was such owner; he attended the meetings of the officers and stockholders of the corporation; he presented no claim in the corporation's bankruptcy proceeding, although the estate paid quite a large dividend to the creditors; he served a written notice purporting to exercise an option contained in a contract signed by defendant and three officers of the corporation to return the stock, and be paid back the $15,-000 by said three officers; and an admission of having the certificates in his possession, made at a meeting held by the parties interested in defending the suits brought by this plaintiff to recover on the stockholders' statutory liability. Upon the evidence proving or tending to prove these facts, counsel for appellant presents a very persuasive argument to this court, and we have no doubt that with equal force the points now made were pressed upon the jury's and trial court's consideration. The burden of proof was on plaintiff. The so-called contract between defendant and the three officers of the corporation recites that he had bought this stock, but the corporation was not a party to that instrument and defendant is not concluded by the recitals therein in this action. The jury could accept his explanation of the circumstances surrounding the existence of that paper. And, in this connection, it is significant that the officer who was negotiating with defendant, and to whom he delivered his check for the $15,000, was not called as a witness and, as already indicated, there was no proof that the certificates of stock, issued the day before, according to the stock book, were then or ever delivered to or accepted by defendant. There was a weakness here in plaintiff's proof that the jury could not fail to notice. The jury had also the testimony of the president of the corporation that defendant was not a stockholder. It further appears that the meetings at which defendant was present were informal and advisory, no

vote was taken or recorded upon any proposition. And defendant accounts for his presence at such meetings by stating that the officers were interested with him in another corporation and were his personal friends, whom he was advising and assisting. He flatly denied the admission of ownership, which plaintiff's witnesses said he made at the meeting above referred to.

We are unable to hold that the verdict is without support, approved as it is by the trial court.

The one ruling at the trial assigned as error arose out of this circumstance: Defendant on cross-examination denied that, at the above referred-to meeting of the parties interested in defending the stockholders' liability suits, he did disclose to those present the existence of Exhibit E and his answer thereto. The exhibit with his answer was already in evidence. On rebuttal plaintiff sought to prove by Stronge & Warner that the first inquiry for Exhibit E came from plaintiff's attorney, on the claim that this would be corroborative of the witness who was present at the meeting and who had testified that such disclosure of the documents was then made by defendant. There was no proof or offer to prove that the attorney obtained knowledge of the exhibits from this witness or any other person present at the meeting. The proof offered was upon a collateral matter and could only avail to raise an inference of doubtful value. With respect to that sort of evidence the trial court must exercise a sound discretion in ruling on its admissibility. We can see no abuse of this discretion in the ruling excluding the offered proof.

We see no legal ground for disturbing the action of the trial court. Order affirmed.